IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT CURRY                          )
                                      )
          Plaintiff,                  )
                                      )
     v.                               ) Civil Action No.  07-0828
                                      )
DELTA INTERNATIONAL MACHINERY         )
CORPORATION and LOWE'S INC.           )
          Defendants.                 )

MEMORANDUM ORDER

Gary L. Lancaster,                              July 15, 2008
District Judge

On July 2, 2008, this court entered an order denying defendants' motion to compel compliance with a subpoena commanding deposition testimony and document production [doc. no. 26]. The subpoena was issued from the United States District Court for the District of Oregon to "Stephen Gass, Ph.D., Sawstop, LLC". Defendants seek reconsideration of that order [doc. no. 27].

According to defendants, what they were really seeking in their motion to compel was "a protective order granting Mr. Lanier unrestricted representation of Delta in the this [sic] case." However, defendants did not move for entry of such a protective order in their motion to compel, and such relief will not be granted on reconsideration.

In their motion to compel, defendants sought:

an <u>Order compelling Mr. Gass's deposition and production of documents</u> because (1) Mr. Gass cannot make distinctions between Mr. Lanier and other attorneys permitted to take his deposition, and thereby refuse to answer certain questions he unilaterally deems confidential; (2) Mr. Gass, by injecting himself into the suit as Plaintiff's designated expert, has made the material and testimony sought both relevant and discoverable; and (3) Mr. Gass cannot refuse to answer certain questions or produce documents based on unsupported trade secret, confidential information, and/or undue burden objections (emphasis added).

Defendants asked the court to "compel Stephen Gass, of SawStop, LLC, to appear, testify and produce documents, in good faith, pursuant to the Subpoena served on him on May 8, 2008." Further, defendants asked the court to "enter an Order compelling Mr. Gass's deposition and the production of the requested documents, but also governing the conduct of the deposition so that Mr. Lanier is not restricted in deposing Mr. Gass any more than any other counsel of record."

As is clear upon reading defendants' own words, defendants were not seeking a generalized protective order "granting Mr. Lanier unrestricted representation of Delta in the this [sic] case" in their motion to compel. Instead, defendants sought a specific order compelling Dr. Gass, and SawStop, LLC, to answer questions and produce documents in

2

response to a subpoena, regardless of which of defendants' attorneys might receive the information.

We will not on a motion for reconsideration grant different relief than was sought in the original motion. Nor do we find authority in the motion for reconsideration that alters the finding that any request for relief pertaining to this subpoena must be obtained from the issuing court.

Therefore, this 15th day of July, 2008, IT IS HEREBY ORDERED that defendant's motion for reconsideration [doc. no. 27] is DENIED. Defendants are directed to provide copies of this Memorandum Order, as well as the original Memorandum Order [doc. no. 26], to the Judge presiding over Misc. No. 08-9134 in the United States District Court for the District of Oregon (Portland).

BY THE COURT:

cc: All Counsel of Record

3